## ANHEUSER-BUSCH BREWING ASS'N v. CLARKE.

*(Circuit Court, D. Maryland. January 20, 1886.)*

TRADE-MARK—INFRINGEMENT—INJUNCTION.
　Where a manufacturer has applied a peculiar and distinctive label to designate his goods, and has so used it that his goods are identified by it, a court of equity will restrain another party from adopting and using one so similar that its use is likely to lead to confusion by purchasers exercising the ordinary degree of caution which purchasers are in the habit of exercising with respect to such goods.

In Equity. On motion for preliminary injunction.
*Rowland Cox*, for motion.
*Wm. Pinkney Whyte*, for defendant.

MORRIS, J. The general rule of law applicable to this case is that if a manufacturer has applied a peculiar and distinctive label to designate his goods, and has so used it that his goods are identified by it, a court of equity will restrain another party from adopting and using one so similar that its use is likely to lead to confusion by purchasers exercising the ordinary degree of caution which purchasers are in the habit of exercising with respect to such goods. *McLean* v. *Fleming*, 96 U. S. 245.

The complainant's affidavits show that the complainant was the first to use for bottled beer a label with a diagonal red band, with the name of the kind of beer appearing in white letters on the red band, and that he has been habitually using this label for two years. The label is a very noticeable and distinctive one by reason of the diagonal red band. The result of the effect upon the eye from seeing a number of bottles is that it is a beer labeled with a diagonal red band, and the more frequently one sees it the more this one effect is deepened. It does appear altogether probable that a consumer who had been used to getting bottles labeled with complainant's label would

more and more rely on the diagonal red band as its distinctive mark, and would be likely to accept the respondent's beer with his diagonal red label on it as supplying what he was in the habit of getting. There is nothing in the differences in the labels calculated to counteract this, and I think it is a strong case of a similarity likely to deceive.

The respondent's statements and explanations of how he came to hit upon this label for his own use are not satisfactory. It appears that it was suggested to him by a bottler in Washington, named Christian Abner, who was a rival of a bottler of complainant's beer, and using complainant's label in that same city, named Edward Abner. Nothing is shown by the affidavits to repel the suspicion which naturally arises that the subsequent adoption of such a very similar label by one of the two rivals in the same city could not be accidental, but must have been for the purpose of confusion.

On the case, as shown by the affidavits, I think the complainant is entitled to the injunction as prayed.